IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SOUTHERN ILLINOIS STORM SHELTERS, INC.** an Illinois Corporation )<br>)<br>)<br>      **Plaintiff,**   )<br>)<br>vs.   )<br>)<br>**4SEMO.com, Inc.**   )<br>a Missouri Corporation   )<br>)<br>      **Defendant.**   ) | Civil Action No.<br>13-297 DRH/SCW<br><br>Jury Trial Demanded |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
DILUTION AND DECEPTIVE TRADE PRACTICES**

1.   Plaintiff, Southern Illinois Storm Shelters, Inc. (hereinafter referred to as "Plaintiff") brings this complaint against the Defendant, 4SEMO.com, Inc. (hereinafter referred to as "Defendant") for Defendant's infringement and dilution of Plaintiff's trademark rights, and unfair competition and deceptive trade practices.  For its complaint against Defendant, Plaintiff alleges as follows:

### I. NATURE OF THE ACTION

2.   This is an action for service mark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a); dilution pursuant to the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65 and the common law of the State of Illinois; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, et seq.  Despite knowledge of Plaintiff's extensive use and substantial common law rights in the mark, Defendant has attempted to register and use confusingly similar terms in connection with similar services in competition

with Plaintiff and in violation of Plaintiff's intellectual property rights. Because of the immediate and irreparable harm caused by Defendant's improper use of Plaintiff's mark, Plaintiff seeks preliminary and permanent injunctive relief and damages for Defendant's illegal and unauthorized acts.

3. The action results from Defendant's infringement of Plaintiff's mark, Lifesaver Storm Shelters (hereinafter referred to as the "mark") (see an example of the mark attached as Exhibit A), through Defendant's unauthorized use of the mark on Defendant's website, related advertisements and on products not manufactured by the Plaintiff.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) (patent, copyright, trademark and unfair competition). This Court has jurisdiction over Plaintiff's related common law claim under 28 U.S.C § 1367 (supplemental jurisdiction).

5. Venue and personal jurisdiction are proper in the Southern District of Illinois under 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1121, since, inter alia, a substantial part of the events or omissions giving rise to the claims occurred here in this district, the Defendant is doing business in this district, and Defendant has promoted goods and services in this district allowing customers to purchase storm shelters with a mark identical to Plaintiff's mark. Further, Defendant is a foreign corporation, incorporated in the State of Missouri, and provides an internet website with a substantial effect on commerce in this district.

## III.  THE PARTIES

6. Plaintiff was incorporated in the State of Illinois on September 6th, 2000. Plaintiff's principal place of business is located within this district at 450 East Illinois Avenue, Benton, Illinois 62812.  Plaintiff is in the business of designing, manufacturing and selling fiberglass storm shelters and above ground metal safe rooms (hereinafter collectively referred to as "Shelters").  Plaintiff has a website (www.sheltersonline.com) which prominently displays the mark, details the products offered by Plaintiff and where the products can be purchased (for a copy of the webpage see attached Exhibit B).  Plaintiff attaches the mark to the sides of all of the Shelters they manufacture (see attached Exhibit C).

7. Defendant is a corporation organized and existing pursuant to the laws of the State of Missouri.  Defendant's principal place of business is 314 W. Laclede, Malden, MO 63863.  Defendant is in the business of providing general contracting work and is also a dealer and installer of storm shelters.  Defendant has a website (www.4semo.com) which details the services and products offered by Defendant.  Upon Plaintiff's information and belief, the Defendant is doing business in this district and has promoted goods and services allowing customers to purchase storm shelters with a mark identical to Plaintiff's mark.

## IV.  FACTUAL BACKGROUND

8. <u>Plaintiff's valuable intellectual property</u>:
    a. Since long before the acts of Defendant described herein, Plaintiff has, since at least as early as 2002, continuously used the mark in connection with the marketing and sale of storm shelters to customers in Illinois and

    throughout the United States (see Exhibit D for a copy of Plaintiff's active registration of the assumed name "Lifesaver Storm Shelters").

b. From its inception, Plaintiff's Lifesaver Storm Shelters have been widely accepted by the consuming public, with average annual sales revenue of approximately $1.2 million.

c. Plaintiff affixes the mark to all of the storm shelters it manufactures and has advertised and/or marketed in Lifesaver Storm Shelter products in numerous forums and publications, including newspapers and trade shows across various states.

d. Plaintiff's Lifesaver Storm Shelters have received substantial media attention, including, but not limited to, being featured in Season 2, Episode five, of the television show "Shipping Wars" on A & E, an appearance on the television show "Good Morning America" and several appearances on local news broadcasts.

e. As a result of Plaintiff's extensive sales, marketing and advertising expenditures, and unsolicited media mentions related to Plaintiff's Lifesaver Storm Shelters products, Plaintiff has become well-known among the relevant consuming public as the single source of storm shelters marketed under the Lifesaver Storm Shelters mark.

f. Due to Plaintiff's well-known reputation for producing affordable, high-quality storm shelters, Plaintiff has established a network of seventy "dealers" across the United States that sell Plaintiff's Shelters using the name Lifesaver Storm Shelters.

g. Defendant, with knowledge of Plaintiff's popularity and reputation throughout the industry, desired to become one of Plaintiff's "dealers".

h. Defendant became a dealer of Lifesaver Storm Shelters in 2005 and Plaintiff continued to provide Lifesaver Storm Shelters to Defendant until 2012.  During this time, Defendant was given access to storm shelters and advertising materials containing the mark.

i. Prior to the association between Plaintiff and Defendant, Plaintiff was engaged in commercial business with a Missouri Company using the name Life-Saver Storm Shelters, which said Company retails and installs Shelters provided by Plaintiff in Missouri and across the Midwest part of the United States.

j. Life-Saver Storm Shelters sent a letter to Plaintiff on February 2nd, 2002 at the top of which letter was a copy of the Business Card used by Life-Saver Storm Shelters evidencing prior usage of the Mark (see attached Exhibit E).

k. Life-Saver Storm Shelters, LLC was incorporated in the State of Missouri on October 18th, 2002 and is 100% owned by Plaintiff (see attached Exhibit F).

l. Plaintiff has established prior usage of the mark Lifesaver Storm Shelters since at least February 15th, 2002, and Plaintiff, as the "parent" company of Life-Saver Storm Shelters, LLC has established the trademark Life-Saver Storm Shelters as a filed Limited Liability Company name in the State of Missouri in use in commerce as early as October 18th, 2002.

    m. Life-Saver Storm Shelters, LLC sent a warranty registration card to Plaintiff in June of 2003 via US Mail. Plaintiff retained a copy of the signed Warranty Registration Card and the envelope with the US Mail Postmark Date and cancelled stamp as evidence of the prior usage of the Mark, Lifesaver Storm Shelters (see attached Exhibit G).

9. <u>Defendant's Unauthorized use of Plaintiff's Intellectual Property</u>:

    a. Plaintiff has never authorized, licensed, or otherwise permitted the Defendant to use Plaintiff's mark, other than in connection with the sale of Plaintiff's Shelters.

    b. Without any authorization, license or authority from Plaintiff, Defendant has marketed and advertised Plaintiff's mark on its website.

    c. Upon information and belief, prior to Defendant's first use of Plaintiff's mark, Defendant had access to Plaintiff's webpage, storm shelters and other materials, which displayed Plaintiff's mark, and Defendant knew or should have known of Plaintiff's mark and related services and the valuable reputation and goodwill symbolized by the Plaintiff's mark and its association with Plaintiff.

    d. Upon information and belief, at the time Defendant engaged in the acts complained herein, Defendant had access to and actual knowledge of Plaintiff's mark. Despite Plaintiff's prior rights, Defendant used the mark in advertising and marketing, and on its website, a mark confusingly similar to the Plaintiff's mark with the purpose and intention of trading off of Plaintiff's goodwill and reputation.

    e. Upon information and belief, consumers can currently access Defendant's services and obtain Shelters not manufactured by Plaintiff, but have Plaintiff's mark affixed to their sides.

## V. DEFENDANT'S UNAUTHORIZED USE OF THE PLAINTIFF'S MARK CONSTITUTES A LIKELIHOOD OF CONFUSION

10. Defendant's unauthorized use of the Plaintiff's mark on Shelters not manufactured by Plaintiff is likely to mislead, deceive, and confuse consumers, who are likely to assume that Shelters bearing Plaintiff's mark were manufactured by Plaintiff.

11. Due to the aforesaid acts by the Defendant, Plaintiff will suffer substantial damages and injury. Plaintiff has no adequate remedy at law, and unless Defendant is restrained and enjoined by the Court, the acts will be continued and will continue to cause damage to Plaintiff's goodwill and business reputation. Due to the potential for loss of customers and sales, and the possibility of Defendant providing an inferior product using Plaintiff's mark, Plaintiff cannot ascertain the precise amount of its damages at this time.

## VI.
## COUNT I: FEDERAL TRADEMARK INFRINGEMENT VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

12. Plaintiff claims violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trademark infringement. Paragraph's 1-11 are restated as if set forth fully herein.

13. Defendants unauthorized use of the Plaintiff's mark, such as in advertising and on the Defendant's website, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or association with Plaintiff's mark. Consumers are likely to believe

that Defendant's services are licensed by, sponsored by, or associated with the Plaintiff. Defendant's unauthorized use of the mark falsely represents Defendant as being connected with Plaintiff and places Plaintiff's reputation beyond its control.

14. Plaintiff has no adequate remedy at law and Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

15. Based on Defendant's previous and continuing knowledge of Plaintiff's mark, Defendant's trademark infringement is willful.

## VII.
## COUNT II: FEDERAL UNFAIR COMPETITION
## VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

16. For its second ground for relief, Plaintiff hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Paragraphs 1-15 are restated as if set forth fully herein.

17. Defendant's adoption and use of the Plaintiff's mark, as hereinabove pleaded, constitutes use of a false designation of origin or a false representation, which falsely designates, describes or represents the Defendant's services and business as originating from or being in connection with Plaintiff, which is not the case, and thereby constitutes a false description or representation used in interstate commerce.

18. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Further, Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

19. Based on Defendant's previous and continuing knowledge of Plaintiff's mark and continued activities, Defendant's federal unfair competition violation is willful.

## VIII.
## COUNT III: VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

20. For its third ground for relief, Plaintiff hereby alleges a deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act 815 Ill.Comp.Stat. § 510/1, *et seq*. Paragraphs 1-19 are restated fully as if set forth fully herein.

21. The Illinois Uniform Deceptive Trade Practices Act 815 Ill.Comp.Stat. § 510/2 states that "A person engages in a deceptive trade practice when,…the person (1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;" Further, in order to prevail "…, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding." 815 Ill.Comp.Stat. §510/2

22. Defendant's unauthorized use of Plaintiff's mark, as pleaded herein, on products and in connection with services similar to Plaintiff's causes a likelihood of confusion and deceives the public in to believing the Defendant is affiliated or connected with the Plaintiff in violation of Illinois Uniform Deceptive Trade Practices Act 815 Ill.Comp.Stat. §§ 510/1-7.

23. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

24. Based on Defendant's previous and continuing knowledge of Plaintiff's mark and continued activities, Defendant's violation of Illinois Uniform Deceptive Trade Practices Act is willful.

## IX.
## COUNT IV:  VIOLATION OF ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT AND COMMON LAW

25. For its fourth ground for relief, Plaintiff alleges dilution in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036, and the common law of Illinois.  Paragraphs 1-24 are restated fully as if set forth fully herein.

26. By continuing the unauthorized use of Plaintiff's mark, or approximation or simulations thereof, Defendant is in violation of the Illinois Trademark Registration and Protection Act and the common law of Illinois because of the diminished public association with the Plaintiff's mark.

27. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

28. Based on Defendant's previous and continuing knowledge of Plaintiff's mark and continued activities, Defendant's violation of the Illinois Trademark Registration and Protection Act is willful.

## X.
## COUNT V:  VIOLATION OF COMMON LAW UNFAIR COMPETITION

29. As its next ground for relief, Plaintiff hereby alleges common law unfair competition. Paragraphs 1-28 are restated fully as if set forth fully herein.

30. As a result of Defendant's actions hereinabove pleaded, Defendant has misappropriated valuable property rights belonging to Plaintiff and has and is likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

31. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

32. Based on Defendant's previous and continuing knowledge of Plaintiff's mark and continued activities, Defendant's violation of common law unfair competition is willful.

## PRAYER FOR RELIEF

1. That Defendant, their officers, agents, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

   a. Using the Plaintiff's mark or any other similar mark that is confusingly similar to Plaintiff's mark or gives rise to a likelihood of confusion, mistake or deception with respect to Plaintiff's mark;

   b. Doing any other act or thing likely to induce the mistaken belief that Defendant or their services or business, are in any way approved by or affiliated, connected or associated with Plaintiff or Plaintiff's services; and

   c. Unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff.

 2. That Defendant delivers for destruction all advertisements, brochures, current inventory of products, and related materials that utilize the Plaintiff's mark or approximations of simulations thereof, and remove the same from any and all domain names and websites in their possession or control that bear the mark.

 3. That an accounting is granted against Defendant, and Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

   a. All profits received by Defendant from sales and revenues of any kind made as a result of their unlawful actions:

   b. All damages sustained by Plaintiff as a result of Defendant's acts of infringement and unfair competition; and

   c. An order awarding Plaintiff compensatory, consequential and other damages, including pre- and post-judgment interest, suffered as a result of Defendant's violations of 15 U.S.C. § 1125(a).

 4. That Defendant file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

 5. That because of the exceptional nature of this case, resulting from Defendant's deliberate and willful infringement, this Court award Plaintiff its reasonable attorneys' fees, costs and disbursements.

 That Plaintiff shall have such other and further relief as the Court may deem just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Marcus S. Renwick
Attorney for Plaintiff

Marcus S. Renwick
Basi, Basi & Associates
4501 W. DeYoung Street, Suite 200
Marion, Illinois 62959
Phone:  (618) 997-3436
Fax:  (618) 997-8370