## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SOUTHERN ILLINOIS STORM
SHELTERS, INC.**,

**Plaintiff/Counterclaim Defendant,**

**v.**                                                    **No. 13-0297-DRH**

**4SEMO.COM, INC.,**

**Defendant/Counterclaimant,**

**v.**

**INGOLDSBY EXCAVATING, INC.,**

**Additional Counterclaim Defendant.**

## <u>ORDER</u>

**HERNDON, District Judge:**

 Pending before the Court is 4SEMO's motion to strike Southern Illinois Storm Shelter Inc.'s claim for monetary damages (Docs. 103 & 104).  Southern Illinois Storm Shelter Inc. opposes the motion (Docs. 109 & 110).  Based on the following, the Court **GRANTS** the motion.

4SEMO argues that the claim for monetary damages should be stricken as plaintiff has refused and has failed to provide any basis for its monetary damages. Specifically, 4SEMO maintains that plaintiff failed to respond to discovery seeking plaintiff to quantify any dollar amounts claimed, that plaintiff did not identify any such claims in its initial disclosures and plaintiff failed to name an expert to testify as to damages.   In response, plaintiff notes that it has decided to drop its monetary damages as to the trademark counts and only seek equitable relief. However, plaintiff asserts that it is seeking monetary damages as to its common law tortious interference with contractual relations claim. Plaintiff maintains that it has provided discovery regarding the damages and its failure to provide a dollar amount is justified because the damages are continuous and ongoing.

Here, the Court grants the motion to strike as to the trademark claims as plaintiff voluntarily abandoned it (Doc. 110, p. 2).   Further, the Court grants the motion as to the tortious interference claim as well.   First, discovery is closed. Second, plaintiff admits "no dollar figure has been placed on the damages." (Doc. 110, p. 3).   Plaintiff argues that the damages are continuous and ongoing and that Bob Ingoldsby can testify as to the monetary damages.   However, a review of the record reveals that there was no attempt to provide the amount of damages as of the close of discovery and provide 4SEMO with the basis thereof and how the damages would accumulate as time went on.   Clearly, plaintiffs failed to disclose any damages are required in Federal Rule of Civil Procedure 26(a).

Accordingly, the Court **GRANTS** the motion to strike SSIS's claim for

monetary damages (Doc. 103).   Pursuant to Federal Rule of Civil Procedure 37(c),

the Court **STRIKES** plaintiff's claim for monetary damages.

**IT IS SO ORDERED.**

Signed this 20th day of February, 2015.


**United States District Court**