IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS STORM SHELTERS, INC., | ) )  ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) | 
| v. | ) ) |
| 4SEMO.COM, INC., | ) ) |
| Defendant/Counterclaimant | ) ) |
| v. | ) ) |
| INGOLDSBY EXCAVATING, INC. | ) ) |
| And | ) ) |
| BOB INGOLDSBY, d/b/a BOB INGOLDSBY CONSTRUCTION, | ) ) ) |
| Additional Counterclaim Defendants. | ) |

Civil Action No.
3:13-cv-00297 DRH/SCW

**Amended Response to Statement of Uncontroverted Material Facts**

In response to "4Semo.com's Statement of Uncontroverted Material Facts", SISS respectfully submits this Response pursuant to Fed. R. Civ. P. 56.

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Deny. The Lifesaver name was already being used by John Grone of Life-Saver Storm Shelters, LLC ("LSS, LLC") and then by SISS prior to 4SEMO becoming a dealer. *Ex. 1-Declaration of Scott Ingoldsby ¶3*; *Ex. 2-LSS, LLC Advertising Sheet*; *Ex. 3-LSS, LLC Brochure*; *Ex. 4-LSS, LLC Business Card and Letter*; *Ex. 5-Product Catalog*; *Ex. 6-SISS-Neubert Brochure.*

6. SISS admits that 4SEMO put the name "Lifesaver Storm Shelters" inside of a red cross, but denies that 4SEMO has any rights in the name or the red cross in their separate capacity. *Ex. 1-Declaration of Scott Ingoldsby* ¶¶ 2-3.

7. Deny. 4SEMO never claimed to have a trademark until 2011 (*Second Amended Counterclaim Complaint*, Document 78, Page ID #495 ¶¶ 54-59, Filed 06/06/14) and 4SEMO had no procedures in place to try to protect their alleged rights. *Ex. 7-4SEMO Depo.*, page 56 ln. 6-22.

8. SISS admits that it claims no rights to the logo and admits that 4SEMO put the name "Lifesaver Storm Shelters" inside of a red Greek cross, but denies that 4SEMO has any rights in the name or the red cross. *Ex. 1-Declaration of Scott Ingoldsby* ¶¶ 2-3.

9. Admit.

10. SISS admits that it offered $40,000 for the logo prior to learning the red cross specimen submitted to the USPTO had been denied. *Ex. 1-Ingoldsby Declaration* ¶12.

11. SISS denies that 4SEMO created the Lifesaver name or has any rights to a logo. SISS admits that it purchased Life-Saver Storm Shelters, LLC, but SISS was independently using the name "Life Saver Storm Shelters" before 4SEMO's alleged creation. Ex. 1-Declaration of Scott Ingoldsby ¶3.

12. SISS admits that SISS was aware that 4SEMO was using the name and logo, but deny any knowledge that 4SEMO claimed or believed it had any rights in the name Life Saver Storm Shelters as an independent phrase or mark. Ex. 1-Declaration of Scott Ingoldsby ¶11.

13. Admit.

14. Admit.

15. Admit.

16. Deny.  4SEMO registered the domain name www.southernillinoisstormshelters.com as a domain name without permission from SISS, and used this domain name to redirect customers to 4SEMO's website.  Ex. 1-Declaration of Scott Ingoldsby ¶14.

17. Admit.

18. Admit.

19. SISS admits that it encourages its dealers to use the Lifesaver name, but denies that it encourages dealers to use the Lifesaver logo.  SISS stopped using the logo upon the denial of the red cross specimen by the USPTO and the break-down in negotiations between SISS and 4SEMO.  *Ex. 1-Declaration of Scott Ingoldsby* ¶¶ 12-13.

20. Admit.

21. Admit.  This is presumably how 4SEMO first came into contact with the Lifesaver name.

22. Admit.

23. Admit.

24. Admit.

25. SISS admits that 4SEMO was terminated as a dealer on June 7, 2013.

26. SISS denies that 4SEMO was terminated improperly.  SISS has identified the misrepresentation and breach by 4SEMO, and offered to buy back the inventory.

*Ex. 8-SISS Depo.*, pg. 200 ln. 14-pg. 201 ln. 6; *4SEMO's Exhibit H*, Document 112-8, Filed 01/21/15.

27. Admit.

28. SISS denies this paragraph as it is a mischaracterization of the paragraphs of the Amended Complaint that are cited. SISS has continuously used the Lifesaver mark since before 4SEMO became a dealer. Further, the use by Life-Saver Storm Shelters, LLC, of the name, was not hypothetical, but factual as it was used on brochures, warranty registration cards, and business cards. *Ex. 1-Declaration of Scott Ingoldsby ¶3*; *Ex. 2-LSS, LLC Advertising Sheet*; *Ex. 3-LSS, LLC Brochure*; *Ex. 4-LSS, LLC Business Card and Letter*.

29. SISS denies this paragraph as it is a mischaracterization of the paragraphs of the Amended Complaint that are cited. SISS also alleges that it independently used the Lifesaver mark prior to 4SEMO's alleged creation and use. *Ex. 1-Declaration of Scott Ingoldsby ¶3*; *Ex. 5-Product Catalog*; *Ex. 6-SISS-Neubert Brochure.*

30. SISS admits that Life-Saver Storm Shelters, LLC used the name in the manners listed, in addition to using the name in advertisements. *Ex. 2-LSS, LLC Advertising Sheet*; *Ex. 3-LSS, LLC Brochure.*

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. SISS denies this paragraph as it is a mischaracterization of the testimony cited.

Just because SISS did not sell LSS, LLC any storm shelters in 2005 does not mean that LSS, LLC could not have sold shelters in 2005 as they may have still had inventory.

37. Admit.

38. Deny as the testimony cited needs to be read in the context of the time frame set forth in the previous question and the answer to the very next question:

> Page 76
> 1  Q  When does SISS claim that it first became the
> 2      owner of the rights to the trademark Lifesaver Storm
> 3      Shelters?
> 4  A  I believe in late '04, early '05.

*Ex. 8-SISS Depo.*, Pg. 75 ln. 14-Pg. 76 ln. 4.

39. Admit.

40. SISS denies this paragraph as it mischaracterizes the testimony cited. SISS claims it first became the owner of the rights to the trademark Lifesaver Storm Shelters in 2004. *Ex. 9-SISS Depo.* Pg. 76, ln. 1-ln. 4.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Deny and object as it mischaracterizes the testimony. In the testimony cited, SISS's representative states that he has no personal knowledge that 4SEMO or anyone from 4SEMO knew of the existence of the Grone's or LSS, LLC. This does not mean that he believes 4SEMO had no knowledge. *4SEMO's Ex. B,*

*SISS Depo.*, pg. 119, ln.9-15, Document 112-2, Filed 01/21/15 Page ID# 755.

47. SISS admits that this was Bob Ingoldsby's estimate, but denies that there is no documentary proof to support this estimate. SISS has a catalog of products dated 1/1/05 and a brochure from Sidney Neubert printed in May of 05, that both contain the name mark. *Ex. 5-Product Catalog*; *Ex. 6-SISS-Neubert Brochure.*

48. Deny. SISS has both a catalog of products dated 1/1/05 and a brochure from Sidney Neubert printed in May of 05 that contain the name mark. *Ex. 5-Product Catalog*; *Ex. 6-SISS-Neubert Brochure.*

49. Deny. The catalog of products is dated 1/1/05 and SISS also used the brochure through advertising and has evidence in the form of a brochure from Sidney Neubert printed in May of 05 that contains the name mark. *Ex. 5-Product Catalog*; *Ex. 6-SISS-Neubert Brochure*.

50. Deny as it mischaracterizes the testimony. The catalog was handed out at trade shows, to dealers, and was available online. *Ex. 8-SISS Depo.*, pg 77 ln. 11-pg. 81 ln. 3.

51. Deny as it mischaracterizes the testimony cited. The testimony of Dave Mack is that the first snapshot from the Wayback Machine of the Lifesaver catalog is April 9th, 2006. This does not necessarily mean that the Lifesaver catalog was not on the website previously, it just means that there is no snapshot until April of 2006. *4SEMO's Ex. K-Deposition of Dave Mack*, pg. 33 ln 1-pg 35 ln 4, Document 112-11, Filed 01/21/15, Page ID #838.

52. Deny as it mischaracterizes the testimony cited. In this testimony, SISS's president states that it is possible that other documents that were handed out,

but that it is a better question for Scott Ingoldsby because he was in charge of the brochures.  *4SEMO's Exhibit O, Ingoldsby Depo.,* pg. 75, ln. 2-19, Document 112-14, Filed 01/21/15, Page ID #865.

53. Admit.

54. Admit, SISS stopped using the logo upon the denial of the red cross specimen by the USPTO and the break-down in negotiations between SISS and 4SEMO.  *Ex. 1-Declaration of Scott Ingoldsby ¶13.*

55. Admit.

56. Admit.

57. Admit.

58. Admit.

59. Admit.

60. SISS admits that www.lifesaverstormshelter.com and www.southernillinoisshelters.com were used by 4SEMO as a redirector to the 4SEMO.com website.

61. Deny.  There is no evidence to support this statement.  A list of the domain names provided by 4SEMO includes websites that are not regional.  *Ex. 9-4SEMO Domain Registrations.*

62. Admit.

63. Deny.  4SEMO's sales territory only included counties in Southeast Missouri and Northeast Arkansas.  4SEMO has no legitimate reason for using this name for geographic purposes.  *4SEMO's Exhibit D-Contract for Territories*, Document 112-4, Filed 01/21/15, Page ID #811.

64. Admit.

65. SISS denies that the use is proper, but admits that 4SEMO stopped using the domain name as a redirector.

66. Admit.

67. SISS admits this paragraph if it is meant to refer to lifesaverstormshelter.com, without the "s" at the end of shelter. Otherwise, SISS denies this paragraph.

68. Admit, because SISS had no knowledge of the use prior to the filing.

69. Deny. If 4SEMO only used the name as a redirector as alleged, then there is no way 4SEMO could know what revenue was derived from which URL, and therefore there is no way for 4SEMO to truthfully make this statement.

70. Admit.

71. Admit.

72. Admit.

73. Deny. SISS has identified other damages regarding the tortious interference claim. *Ex. 8-SISS Depo.,* Pg. 232 ln 7-ln 24.

74. Deny. SISS has identified other damages regarding the tortious interference claim. *Ex. 8-SISS Depo.,* Pg. 232 ln 7-ln 24.

75. Admit.

76. Admit.

77. Admit.

78. Deny. 4SEMO has been made aware of several other dealers that contacted SISS about the letter in SISS's first set of responses to 4SEMO's interrogatories, number 9, and the emails were produced to 4SEMO. *Exhibit 10-SISS's First*

*Response to Interrogatories.*

79. Admit.

80. Deny.  No shelters have been purchased since the beginning of June, 2013, and the other purchase was not a lifesaver shelter.  *4SEMO's Exhibit R,* Document 112-18, Filed 01/21/15, Page ID #908.

81. Admit.

        Respectfully submitted,

          /s/ Evan W. Taylor
        Attorney for Plaintiff
        Basi, Basi & Associates
        4501 W. DeYoung Street, Suite 200
        Marion, Illinois 62959

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this document was sent via electronic transmission pursuant to ECF, on this March 6th, 2015, addressed to:

>Charles S. Kramer
>Joseph D. Schneider
>7700 Bonhomie Ave., 7th Floor
>St. Louis, MO 63105

                          /s/ Evan W. Taylor