IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

4SEMO.COM, INC.,

**Plaintiff,**

v.                                                            No. 13-0297-DRH

SOUTHERN ILLINOIS
STORM SHELTERS, INC.,
INGOLDSBY EXCAVATING, INC.,
and BOB INGOLDSBY,
d/b/a BOB INGOLDSBY EXCAVATING,

**Defendants.**

## ORDER

**HERNDON, District Judge:**

Pending before the Court are several motions in limine filed by plaintiff and the responses thereto. Based on a review of the pleadings and the following, the Court denies the motions in limine.

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine,* which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the

judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.* and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues," *United States v. Tokash,* 282 F.3d 962, 968 (7th Cir . 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi,* 808 F.3d 1113, 1121 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the Court can change its ruling at trial, "even if nothing unexpected happens[.]" *Luce,* 469 U.S. at 41, 105 S.Ct. 460. Ruling *in limine* are speculative in effect; essentially, they are advisory opinions. *Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

First, 4SEMO.com moves in limine to preclude the introduction by defendants of evidence of deductions, expenses or costs (Docs. 165 & 166). 4SEMO.com maintains that it is entitled to disgorge and receive profits earned by defendants and/or their dealers from, under, or in connection with the improper use of its trademark and that it is its burden to only show the revenues derived from such use, and then the burden switches to defendants to show any direct expenses, costs or deductions it wishes to attempt to claim to reduce the shown revenues to a profit number. 4SEMO.com seeks preclusion of any alleged expenses or costs

purportedly incurred by defendants in connection with the production, sales or installation of storm shelters because defendants have not produced or identified any potentially applicable costs or expenses associated with said use. Defendants counter that they have met their burden concerning proof of any potential costs or deductions that may need to be claimed. They contend that in addition to the tax returns, bank statements, and copies of cancelled checks, they have turned over their entire QuickBooks accounting program, un-redacted, which contains all of their accounting information and business transactions made by the businesses since the inception. Defendants maintain that this information shows costs, deductions or any other information needed to prove expenses. At this time, the Court agrees with defendants and **DENIES** this motion in limine.

Next, 4SEMO.com moves to preclude the introduction of the use of the Lifesaver mark by SISS or its dealers prior to authorization from 4SEMO (Doc. 167). 4SEMO argues that this information should not be allowed as it is legally irrelevant, would be confusing to the jury and would be prejudicial to 4SEMO. Defendants oppose the motion arguing that the evidence is relevant as to prior use and for other purposes, that it is relevant regardless of whether such use was pursuant to a license or permission from LSS, that the use of the mark by defendants and their dealers is relevant and that this evidence is relevant to the issues in the case. The Court agrees with defendants and finds that this evidence is relevant and material to the issues in this case and what 4SEMO.com must

prove.  Thus, the Court also **DENIES** this motion in limine.

Next, 4SEMO.com moves to preclude any evidence of use by Life-Saver Storm Shelters, LLC of the Lifesaver mark (Doc. 174).  4SEMO.com argues that this evidence is irrelevant, prejudicial and will confuse the jury.  Defendants assert that this evidence is relevant and admissible for reasons beyond showing trademark rights of LSS, LCC as the evidence relates directly to 4SEMO.com's claims. Specifically, defendants assert that the evidence lends credence to their version of events/defense.  Again, the Court agrees with defendants' reasoning, finds that this evidence is relative and material to the issues in this case and **DENIES** the motion.

Lastly, 4SEMO.com moves to all testimony or evidence obtained from the arhive.org website (Doc. 176).  4SEMO.com argues that this evidence is not reliable, is incapable of being authenticated and is inadmissible.  Defendants maintain the opposite as to the evidence.  Based on defendants' reasoning, the Court **DENIES** the motion at this time.

**IT IS SO ORDERED.**

Signed this 4th day of August, 2016.

Judge Herndon
2016.08.04
13:30:29 -05'00'

**United States District Court**