IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

4SEMO.COM, INC.,

**Plaintiff,**

v.                                                                   No. 13-0297-DRH

SOUTHERN ILLINOIS
STORM SHELTERS, INC.,
INGOLDSBY EXCAVATING, INC.,
and BOB INGOLDSBY,
d/b/a BOB INGOLDSBY EXCAVATING,

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Stephen Williams on February 10, 2017 (Doc. 222). The Report recommends that the Court grant in part and deny in part 4SEMO.com, Inc.'s motion for judgment without trial as sanction for spoliation of evidence (Doc. 192).[1] Specifically, the Report recommends that the Court impose a lesser sanction of prohibiting defendants from opposing plaintiff's evidence relating to its damages for infringement.[2] Here, both parties filed objections to the Report (Docs. 227 & 228). Based on the pleadings and the applicable law, the

---

[1] On November 17, 2016, Magistrate Judge Williams held an evidentiary hearing on the motion and took the matter under advisement (Doc. 219).
[2] In that motion, plaintiff asked the Court to enter judgment against all defendants and in favor of 4SEMO.com in the total of $13,466.049.00 as determined by the economic expert, Mark Hoffman, or for such other or additional relief as the Court believes is just under the circumstances.

Court adopts the Report and grants in part and denies in part the motion for judgment without a trial.

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Whether to impose sanctions is a dispositive matter, necessitating *de novo* review. *See Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 869 (7th Cir. 1996) (explaining that "a request for sanctions, regardless of when made, is a dispositive matter"). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Specifically, Magistrate Judge Williams found:

After careful review of the record, the undersigned finds that Defendants have engaged in sanctionable conduct. The evidence indicates that Defendants failed to preserve any underlying source documentation after October 2014. In fact, it is clear that they continued to engage in the same course of the conduct that they had engaged in prior to the October 2014 hearing. In doing so, the Defendants directly violated an order of the Court, and Defendants' assertion that the Court's October 2014 Order referred only to bank records is disingenuous. The record, highlighted above through the October 2014 transcript, as well as, letters drafted by *Defendants' own counsel*, indicate that *in addition* to bank records, the documents that the Court ordered Defendants to produce included purchase orders, emails, and texts from dealers. The Court also specifically advised Defendants of their ongoing duty to supplement after the initial production of documents responsive to the Court's order.

Further, the undersigned does not find credible Robert Ingoldsby's testimony regarding the number of written purchase orders SISS receives. His self-serving testimony that 70% of dealer orders were placed over the phone is belied by the discussion at the October 2014 conference, as well as, the letters from Defendants' counsel representing that "orders' were "discarded" and that "SISS discards all source documents (e.g. purchase orders, invoices, etc.)". Moreover, Mr. Fielak testified that he always provided written orders one way or another. Mr. Ingoldsby's testimony, however, that Mr. Fielak was the only dealer who sent written purchase orders is simply too convenient and coincidental to be believable, not to mention that it is contradicted by the October 2014 conference and related correspondence.

…

Accordingly, the undersigned acknowledges that the Defendants reasonably concluded that they were not required to change their practice in this regard to begin saving hard copies of Quickbooks invoices since the invoices were contained in the computer file in the same form in which they were sent out. Nonetheless, it is also clear, however, that Defendants were ordered to discontinue the process of destroying the documents relating to written purchase orders for storm shelters. The undersigned finds Defendants' arguments that they concluded that the only records being destroyed, and the ones referred to in the Court's October 2014 order, were bank records, to be disingenuous and a deliberate attempt to obscure what is an otherwise clear record on this point. This clear record indicates that Defendants continued to destroy underlying documents relating to purchase orders even after being

(1) ordered by the Court in October 2014 to produce these documents; (2) reminded by the Court of Defendants' ongoing duty to supplement these documents; and (3) being instructed by their *own counsel* to stop destroying these documents. It is clear the defendants recklessly and in bad faith violated a discovery order of the Court, and as such sanctions are appropriate under Rule 37(b).

…

Though the Defendants acted in bad faith, the undersigned is of the view that a sanction of a default judgment would be disproportionate to the circumstances surrounding the violation. … Here, the prejudice issue weighs against the harsh sanction of a default judgment. First, Defendants' offensive conduct affects only evidence relating to Plaintiff's damages. Defendants' acknowledgment that they continue to use the mark renders this evidence irrelevant to liability. In destroying written source documents, Defendants destroyed evidence as to Plaintiff's damages, and this conduct largely does not affect Plaintiff's liability case. … In addition, the prejudice to plaintiffs' damages case is low. Plaintiff has plenty of evidence as to the amounts of its damages from the Quickbooks files. Though Plaintiff has suffered some prejudice in that it has not been provided the underlying hard copies that went into those digital files, it is not as if Plaintiff has no evidence it can present whatsoever. Though Plaintiff stated that the reason it wanted the source documents was due to its concern that the Quickbooks data had been altered, when given a mirror image of the Quickbooks data, Plaintiff, incredibly, did not have its expert perform an audit of the data to determine whether it had been altered. At this point, the fact that Plaintiff does not know whether the Quickbooks data was altered, is largely Plaintiff's own fault.

It is important to note that Plaintiff never brought any issues concerning the lack of production of source documents to the attention of the Court until it filed the motion at bar on the eve of trial. The undersigned understands that Defendants continually assured Plaintiff that they would provide the discovery, and that the duty was on Defendants to follow the Court's Order and the federal rules and produce the discovery ordered. Plaintiff, however, did not bring this issue to the Court's attention until very late in the ballgame, and should have done so much sooner that when it did. …

For these reasons, the undersigned finds that, although Defendants' actions were reckless and in bad faith, to sanction them with a default judgment would be a stretch too far and would provide Plaintiff an underserved windfall. … In making this recommendation, the undersigned is cognizant that he must consider whether lesser sanctions are sufficient, and is aware that Defendants

take the position that they essentially have no issue with the sanction recommended today. Defendants assert that they will have to declare bankruptcy regardless of the damages amount. … Nonetheless, the sanction of default is too disproportionate to the circumstances surrounding the offense, and there is no other suitable sanction. Regardless, no matter what Defendants may say, the undersigned has no doubt the sanction he recommends today is not a desirable outcome for them. Preventing Defendants from opposing Plaintiff's damages evidence is the most appropriate sanction given the circumstances.

(Doc. 222, ps. 11-17).

Both parties filed objections to the Report.[3] On February 24, 2017, defendants filed a mere 4 page (including signature block) objections/response to magistrate's recommendations regarding sanctions and plaintiff's motion for judgement without trial (Doc. 227).[4] In this pleading defendants state: "[i]t is the possible scope of that recommendation that concerns Defendants. Defendants should be entitled to at least cross examine Plaintiff's damage witnesses." Further, defendants object "[d]efendants SISS and IEI requests that any sanction be limited to the barring of the active presentation of any damage evidence other than tax returns and dealer costs contained within the QuickBooks files examined by Plaintiff's expert and Defendants should be able to cross examine plaintiff's damage witnesses as in any other case. Defendant BIC objects to any sanction being entered against him at all." That same day, 4SEMO.com filed a partial objection to February 10, 2017 Report and Recommendation (objecting solely to particular sanction recommended) (Doc. 228). Specifically, 4SEMO.com takes

---

[3] The Court notes that neither party objected to the Reports recitation of the facts of the history of the case. Thus, the Court finds it unnecessary to recite them in this Memorandum and Order.
[4] Defendants' objections/response does not contain a single case citation, rule of law or statute in support.

issue with the severity of the sanction recommended stating that the recommended sanction will not properly implement the purpose of the sanctions, because defendants have repeatedly acknowledged that they simply do not care about the damage amount in issue. 4SEMO.com proposes that if the Court enters judgment in favor of it on its direct trademark infringement count, it will voluntarily dismiss its claims for contributory/vicarious infringement and its contract claims without prejudice, to allow the Court's ruling to be final and to avoid the need for trial on this action.

"Federal Rule of Civil Procedure 37(b)(2)(A) grants district courts the power to impose appropriate sanctions for violations of discovery orders." *Sik Gaek Inc. v. Harris*, 789 F.3d 797, 800 (7th Cir. 2015); *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 670 (7th Cir. 1996), ("Rule 37(b) sanctions provide the district court with an effective means of ensuring the litigants will timely comply with discovery orders."). Rule 37(b)(2)(A) states:

> If a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

An award of sanctions under Rule 37 for failure to cooperate in discovery or appear at a deposition requires a finding that the offending party's actions "displayed willfulness, bad faith, or fault." *Collins v. Illinois,* 554 F.3d 693, 696 (7th Cir. 2009). "'Bad faith' … is characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order. 'Fault,' by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir. 1992).

Rule 37 sanctions may include dismissal of a case and default judgment. *See* Fed.R.Civ.P. 37(b)(2)(A); Fed.R.Civ.P. 37(d)(3); *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 400 (7th Cir. 2015). (Rule 37(b)(2)(A) (v) and (vi) authorizes both the dismissal of the action and the entry of a default judgment against the offending plaintiff or defendant; and the court's inherent power to sanction misconduct is likewise symmetrical.) *See also, e.g., Philips Medical Systems Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir. 1992) (affirming default judgment as sanction for defendant's bad faith failure to comply with discovery order and deception of court); *Profile Gear Corp. v. Foundry Allied Industries, Inc.,* 937 F.2d 351, 353–54 (7th Cir. 1991) (same); *Hal Commodity Cycles Mgmt. Co. v. Kirsh,* 825 F.2d 1136, 1138–39 (7th Cir. 1987) (affirming default judgment against defendant for willful delays and

dishonesty). Before issuing a sanction in a case under Rule 37(b), "a court must have clear and convincing evidence of willfulness, bad faith or fault." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir.2003). "Factors relevant to the decision to dismiss include the … pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015)(citations omitted).

First, defendants request that any sanction be limited to barring of the active presentation of any damage of evidence other than tax returns and dealer costs contained within the QuickBooks files examined by Plaintiff's expert and that Defendants should be entitled to cross examine plaintiff's damages witnesses.[5] The Court rejects this argument as the Court finds the recommended sanction is proper under the scope of Rule 37(b)(2). While the Court is mindful that the sanction recommended is extreme; it is not as extreme as the one proposed by Plaintiff. The Court agrees with the Report that there is no other suitable sanction. Moreover, the sanction of prohibiting defendants from opposing plaintiff's evidence relating to its damages for its infringement claims serves to punish defendants for their inappropriate conduct and serves to deter other parties from similar conduct in the future.

---

[5] As indicated previously, the Report states: "Defendants take the position that they essentially have no issue with the sanction recommended today." (Doc. 222 p. 16). Likewise, defendants' objection states: "It is the possible scope of that recommendation that concerns Defendants. … If the recommendation is to bar Defendant SISS from introducing any evidence of its own, such as evidence the Magistrate thought should have been produced, Defendant has no objection to that. In fact, Defendant has no evidence which is why it wasn't produced." (Doc. 227, p. 1).

Second, defendants contend that the sanction should not be meted against Bob Ingoldsby Construction as the Report does not give any analysis as to why any sanction would be appropriate against him and there were no specific allegations of wrong doing on his part.  The Court also rejects this argument.  The defendants in this case appear to be one and the same. SISS is a corporation that manufactures, markets and sells storm shelters.  Ingoldsby Excavating Inc. is the name Bob Ingoldsby and SISS use when selling and installing the shelters at retail in the area surrounding their factory.  Bob Ingoldsby, SISS and Ingoldsby Excavating all operate out of the same location, using the same phone numbers, same quick books software and computers and use the same personnel.  They are all represented in this action by the same lawyers.  Moreover, the record is clear that sanctions should apply to all of the named defendants.  In fact, the Report mentions Robert Ingoldsby and finds that his testimony is not credible, self-serving and too convenient and coincidental.  As stated *supra*, the Report finds:

> "[t]he undersigned does not find credible Robert Ingoldsby's testimony regarding the number of written purchase orders SISS receives.  His self-serving testimony that 70% of dealer orders were placed over the phone is belied by the discussion at the October 2014 conference, as well as, the letters from Defendants' counsel representing that 'orders' were 'discarded' and that 'SISS discards all source documents ….  Mr. Ingoldsby's testimony … is simply too convenient and coincidental to be believable, not to mention is contradicted by the October 2014 conference and related correspondence."

(Doc. 222, p. 12).

Lastly, as to 4SEMO.com's partial objection to the Report, 4SEMO.com argues that Magistrate Judge Williams erred when he refused to admit into

evidence and consider the history of defendants' discovery violations prior to the October 2014 order; that Magistrate Judge Williams erred because the Report does not give proper consideration to the harm defendants' discovery violations have done to 4SEMO.com's liability case and to the integrity of the Court, the rules of discovery and the federal judicial system and that Judge Williams erred because the recommended sanction fails of its purpose and it would not be sufficient as defendants have acted in bad faith throughout the case. The Court does not agree with plaintiff.

After reviewing the record, the Court concludes, as Magistrate Judge Williams' concluded, that the motion for judgment without a trial as sanction for spoliation of evidence should be granted in part and denied in part. The Court finds that Magistrate Williams' February 10, 2017 Report is well written and clearly sets out the reasons for his recommendation of issuing a lesser sanction. The Court agrees with Judge Williams Report and finds not one reason to disturb his findings. Further, the Court finds that the lesser sanction recommended by Magistrate Judge Williams is on target and reasonable. Moreover, the Court concludes that defendants' conduct was limited to the one aspect of the case and that 4SEMO.com was not exactly diligent in coming to the Court for relief for the defendants' failure to comply with discovery as 4SEMO.com waited until almost the eve of trial. The Court finds that defendants' conduct is not excusable in the least and it certainly warrants sanctions but a $13.6 sanction resulting from a default judgment is too harsh in light of the circumstances of this case. The

sanction recommended is measured; it is not simply a slap on the wrist; it certainly does not condone defendants' action and it sends a clear message to defendants and to other litigants that this type of conduct will not be tolerated.

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 222). The Court **GRANTS in part** and **DENIES in part** the motion for judgment without a trial as sanction for spoliation of evidence and failure to comply with Court Orders and discovery obligations (Doc. 192). The Court **SANCTIONS** all defendants by prohibiting them from opposing plaintiff's evidence relating to damages for infringement.

**IT IS SO ORDERED.**

Signed this 6th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.06 11:47:04 -06'00'

**United States District Court**