IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**4SEMO.COM, INC.,**

**Plaintiff,**

v.                                                                No. 13-0297-DRH

**SOUTHERN ILLINOIS
STORM SHELTERS, INC.,
INGOLDSBY EXCAVATING, INC.,
and BOB INGOLDSBY,
d/b/a BOB INGOLDSBY EXCAVATING,**

**Defendants.**

## ORDER

**HERNDON, District Judge:**

Now before the Court is plaintiff's motion in limine to preclude the use of evidence or argument relating to the color of logo mark (Docs. 195 & 196). Defendants oppose the motion (Doc. 229). Based on the following, the Court grants the motion.[1]

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine,* which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir.

---

[1] The Court notes that neither party supplied a picture or pictures of the subject logo.

2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.* and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues," *United States v. Tokash,* 282 F.3d 962, 968 (7th Cir . 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi,* 808 F.3d 1113, 1121 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the Court can change its ruling at trial, "even if nothing unexpected happens[.]" *Luce,* 469 U.S. at 41, 105 S.Ct. 460. Ruling *in limine* are speculative in effect; essentially, they are advisory opinions. *Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

Specifically, 4SEMO.com moves the Court to preclude defendants from arguing that any use of the Logo Mark at issue in this case, which consists of a Greek cross with the words Life Saver Storm Shelters embedded in the horizontal arm, was somehow improper or did not constitute a trademark use or a use in commerce, or was not legally protectable, if such logo used the color red as the background color within the Greek cross. 4SEMO.com contends that it has used the Logo with various colors, including a yellow cross with red lettering, and a red

cross with yellow lettering. 4SEMO.com asserts that to imply that its use was somehow improper or insufficient or that the mark is for any reason not enforceable or protectable against defendants would confuse the jury and significantly prejudice 4SEMO.com. In response, defendants state that the evidence shows that SISS and 4SEMO.com only used the logo with the red Greek cross until it was refused by the United States Patent and Trademark Office as not being a lawful use in commerce. Thus, defendants contend that the evidence is relevant and admissible as they cannot have infringed on an unprotectable mark. The Court rejects defendants' argument.

Here, defendants rest their argument on the ruling of the patent and trademark office which is not the last word on this issue; particularly since they seem to misread the statute. 18 U.S.C. § 706 provides:

> Whoever wears or displays the sign of the Red Cross or any insignia colored in imitation thereof for the fraudulent purpose of inducing the belief that he is a member of or an agent for the American National Red Cross; or
>
> Whoever, whether a corporation, association or person, other than the American National Red Cross and its duly authorized employees and agents and the sanitary and hospital authorities of the armed forces of the United States, uses the emblem of the Greek red cross on a white ground, or any sign or insignia made or colored in imitation thereof or the words "Red Cross" or "Geneva Cross" or any combination of these words--
>
> Shall be fined under this title or imprisoned not more than six months, or both.
>
> This section shall not make unlawful the use of any such emblem, sign, insignia or words which was lawful on the date of enactment of this title.

Clearly, the statute prohibits someone from fraudulently trying to hold themselves out as an agent or a member of the American National Red Cross through the use of the Greek red cross on a white background or through the use of the words or the words Geneva Cross. Defendants are not suggesting that type of activity took place in this case. Nevertheless, the Court finds that the motion should be granted as the evidence would be irrelevant and prejudicial to the plaintiff.

Accordingly, the Court **GRANTS** the motion to preclude the use of evidence or argument relating to the color of logo mark (Doc. 195). The Court **BARS** defendants from introducing any evidence of belief, statement or position, or from in any manner stating, claiming, arguing, or inferring that any use of the logo mark was somehow improper or did not constitute a trademark use or a use in commerce, or that such mark was not legally protectable, if such logo used the color red as the background color within the Greek cross behind the imbedded words Life Saver Storm Shelters.

**IT IS SO ORDERED.**

Signed this 7th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.07 13:32:17 -06'00'

**United States District Court**