# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**4SEMO.COM, INC.**,

**Plaintiff,**

v.

**SOUTHERN ILLINOIS STORM SHELTERS, INC. et al.,**

**No. 13-0297-DRH**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Defendants' March 21, 2018 motion for extension of time (Doc. 274). Specifically, defendants, through new counsel who entered an appearance on March 21, 2018 (Doc. 273), move the Court to grant them an extension of time of 30 days from the date of the motion for extension of time to file an amended motion to alter judgment. Plaintiff opposes the motion (Doc. 275). Based on the following, the Court agrees with plaintiff's reasoning and denies the motion.

Last summer, the Court held a three day bench trial. At the conclusion of the bench trial, the Court directed the parties to file written closing arguments (Doc. 246). On February 2, 2018, the Court issued its Findings of Fact and Conclusions of Law (Doc. 265). On February 6, 2018, the Clerk of the Court entered Judgment in favor of plaintiff and against defendants (Doc. 266). On February 9, 2018, defendants filed a motion to alter and/or amend the judgment

(Doc. 268). Plaintiff filed a response to the motion on February 14, 2018 (Doc. 269) and defendants filed a reply (Doc. 270). On March 20, 2018, after reviewing the reply, the Court struck the reply because it did not state the exceptional circumstances as to why the reply was needed (Doc. 272). On March 21, 2018, attorney Courtney Cox, entered his appearance as defense counsel (Doc. 273) and filed the motion for extension of time (Doc. 274). A day later, plaintiff filed its opposition (Doc. 275). As the motion for extension of time is ripe, the Court rules as follows.

In the motion for extension of time, defendants merely state: "[f]ollowing the trial and decision in this matter, Defendants contacted the undersigned for the purpose of engaging him and his firm as counsel in this matter." The motion further states that during this time frame, Mr. Cox's law firm merged with another law firm which has an attorney, Douglas Churovich, that has expertise in litigating trademark cases. Defendants contend that Mr. Churovich agreed to assist in this matter and will be entering his appearance but due to the merger and traveling, Mr. Churovich has been unable to complete review of this case.[1] Further, the motion states that Mr. Cox "has reviewed the pending Motion to Alter Judgment [Doc. 268] and determined that it is necessary to file an Amended Motion to Alter Judgment in order to fully present the issues and bases for such relief to the Court." Plaintiff opposes the motion arguing that such motion is barred.

A Rule 59(e) motion must be filed no later than 28 days from the entry of the judgment. "This time limit is unyielding." *Banks v. Chicago Board of Education*,

---

1 As of this date, Mr. Churovich has not entered an appearance.

750 F.3d 663, 666 (7th Cir. 2014)(citing *Justice v. Town of Cicero*, 682 F.3d 662 (7th Cir. 2012). "Rule 7(b)(1) provides that '[a]n application to the court for an order shall be made by motion which … shall state with particularity the grounds therefor, and shall set forth the relief or order sought.' *See* FED.R.CIV.P. 7(b)(1). The standard for 'particularity' has been determined to mean 'reasonable specification.' *Martinez v. Trainor*, 556 F.2d 818, 819-20 (7th Cir. 1977)(finding that defendant's Rule 59(e) motion 'failed to state even one ground for granting the motion and thus failed to meet the minimal standard of 'reasonable specification'"). *Talono v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). "If a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated." *Id*. at 761 (quoting *Martinez*, 556 F.2d at 820); *see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wis.*, 957 F.2d 515, 516-517 (7th Cir. 1992)("An empty motion cannot reserve time to file an explanation after the … allowed by Rule 59."). "[A] district court may *not* extend the time within a party may move to alter or amend a judgment under Rule 59(e)." *Id*. (quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)); *see also Riley v. Northwestern Bell Tel. Co.*, 1 F.3d 725, 726-27 (8th Cir. 1993)(finding that a timely, but not particularized, Rule 59(e) motion cannot be save by a subsequent, untimely memorandum that attempts to supply the missing particularity).

Here, defendants' motion for extension of time cites no rule, statute or case law that entitles them to the relief they seek. Clearly, the motion is inadequate as

it is untimely and it does not state with particularity the issues defendants intend to pursue.

Accordingly, the Court **DENIES** the motion for extension of time (Doc. 274).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.28
12:44:44 -05'00'

**United States District Court**