IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| 4SEMO.COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-297-NJR |
| | ) |
| SOUTHERN ILLINOIS STORM | ) |
| SHELTERS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff 4SEMO.Com, Inc.'s Motion, Pursuant To Court Of Appeals Order, To Amend Amended Judgment In Civil Case *Nunc Pro Tunc* To Comply With Fed R. Civ. P. 65(D) (Docs. 310 and 311). For the reasons set forth below, the Court grants the motion.

This case was tried via bench trial before the Honorable David R. Herndon during July 31, 2017 through August 3, 2017. On March 29, 2018, Judge Herndon issued an Amended Memorandum and Order finding in favor of 4SEMO.Com, Inc. and against Robert Ingoldsby, Southern Illinois Storm Shelters, Inc., and Ingoldsby Excavating, Inc., jointly and severally, and awarding 4SEMO.Com, Inc. permanent injunctive relief (Doc. 277). Judge Herndon's Order stated the reasons why the injunctive relief ruling was issued, stated the terms of the injunction, and described the act or acts restrained or required (*Id.* at p. 48, 50-57). Judge Herndon then directed the Clerk of Court to issue an Amended Judgment in accordance with that Amended Memorandum and Order (*Id.* at

p. 58). The Amended Judgment was entered on April 2, 2018 (Doc. 278). It indicated that judgment was entered in favor of 4SEMO.Com, Inc., and against Robert Ingoldsby, Southern Illinois Storm Shelters, Inc., and Ingoldsby Excavating, Inc., jointly and severally, and awarded damages and granted injunctive relief "[p]ursuant to the Amended Memorandum and Order entered on March 29,2018 (Doc. 277)." (Doc. 278, p. 1-2).

On May 2, 2018, Defendants appealed the Amended Judgment to the Seventh Circuit Court of Appeals (Doc. 285), and 4SEMO.Com, Inc. cross-appealed the aspect of the Amended Judgment in which the Court found that the case was not "exceptional" within the meaning of the Lanham Act and denied 4SEMO.Com, Inc.'s Motion for Attorneys' Fees (Doc. 290).

The Seventh Circuit Court of Appeals consolidated the Appeal and Cross-Appeal, heard oral argument on the consolidated appeals, and took the matter under advisement. On April 3, 2019, however, the Court of Appeals issued an Order staying the Appeal and Cross-Appeal, noting that the injunctive relief set forth in the Amended Judgment was not in compliance with Federal Rule of Civil Procedure 65(d) (Doc. 309, p. 2). Specifically, it stated that "[a]ll we have is the district court's opinion and a separately filed judgment that confirms an intention to grant injunctive relief but merely cross-references the opinion. Rule 65(d)(1)(C) prohibits that kind of incorporation by reference. No separate document outlining the injunction's contours was ever generated." (*Id.*). The Court of Appeals then directed the parties to seek and obtain a compliant injunction order from the district court. (*Id.*). In response, 4SEMO.Com, Inc. has brought the pending motion.

In light of Judge Herndon's retirement in January 2019, the case was transferred to the undersigned.

4SEMO.Com, Inc. asks the Court to issue an order amending the Amended Judgment *nunc pro tunc* as of the date of the Amended Judgment (April 2, 2018), that: (a) states the reasons why the injunctive relief ruling was issued, (b) states the terms of the injunction specifically, and (c) describes in reasonable detail the act or acts restrained or required, rather than doing so by reference to the Amended Memorandum and Order, to bring it into conformity with Federal Rule of Civil Procedure 65(d) (Docs. 310 and 311). 4SEMO.Com, Inc. has also provided the Court with a proposed order and judgment.

Defendants have responded to the motion indicating that they do not take issue with 4SEMO.Com, Inc.'s claim that the proposed order and judgment submitted by them would be a final and appealable order that would comply with the directives issued by the Court of Appeals (Doc. 313). They do not formally join in on the motion, however, in order to preserve their challenges to any finding of liability and imposition of any remedies against them (*Id.*).

A clerical error may be corrected at any time under Federal Rule of Civil Procedure 60(a). FED. R. CIV. P. 60(a); *see also Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F3d 634 (7th Cir. 2006). The Court interprets the Order from the Seventh Circuit Court of Appeals as granting leave to make such a correction here. FED. R. CIV. P. 60(a) ("But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."). "As a general rule, district courts may issue *nunc pro tunc* orders 'to show what was actually done but not

properly or adequately recorded." *Transamerica Ins. v. South*, 975 F.2d 321 (7th Cir. 1992) (quoting *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 609 n. 3 (7th Cir. 1989)). "Thus, a *nunc pro tunc* order is typically used to correct clerical or ministerial errors or a failure of the court to reduce to judgment what it stated orally or in an opinion." *Id*.

The Court finds that the requested amendment is appropriate and thus the Court will amend the Amended Judgment *nunc pro tunc* back to the date of its issuance, April 2, 2018, to properly record what was decided by Judge Herndon.[1]

**IT IS SO ORDERED.**

DATED: May 13, 2019

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The Court is aware that certain aspects of this Amended Judgment, as amended *nunc pro tunc*, set out time frames calculated from and after the original April 2, 2018 date, which have come and gone, with Defendants apparently complying with them, and that the parties agreed among themselves that Defendants would simply destroy the materials utilizing the Marks rather than use the custodian pending appeal approach provided for in the Amended Memorandum and Order, which ruling is now made part of the Amended Judgment in a Civil Case by this *nunc pro tunc* order. The purpose of this *nunc pro tunc* order, however, is to make the Amended Judgment in a Civil Case reflect what was actually decided and adjudged by the Court in April 2018, but not properly recorded. Accordingly, the Court deems it appropriate to retain those provisions of the Court's originally decided (but not properly recorded) judgment. In so doing, the Court does not take issue with the parties' actual decision to allow Defendants to destroy the materials containing the Marks in lieu of the expenses and inconvenience of the custodian approach originally ordered and now properly recorded as of April 2018. Further, in the interest of clarity, the Court notes that where its injunctive language set out in the Amended Judgment references actions to be taken within specified time frames "from the date of this judgment," the date referenced is April 2, 2018, as the *nunc pro tunc* aspect of this ruling causes the rulings set out to be made as of April 2, 2018.